UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATALIE KIMBERLY KHAWAM,** | ) | |
| | ) | |
| Plaintiff | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| **GRAYSON PAUL WOLFE** | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT
FOR PRELIMINARY INJUNCTION**

**PARTIES**

1)  The Plaintiff, Natalie Kimberly Khawam, is a resident and citizen of the State of Florida, residing in the county of Hillsborough, and is the ex-wife of the Defendant Grayson Paul Wolfe. Plaintiff also maintains a residence in the District of Columbia.

2)  Defendant, Grayson Paul Wolfe (the Defendant or "Mr. Wolfe"), is a resident of the District of Columbia, and is the ex-husband of Plaintiff.

**JURISDICTION AND VENUE**

3)  This court has jurisdiction pursuant to 18 U.S.C. §1030(g), 18 U.S.C. §2701, 18 U.S.C. § 2707, and Fed. R. Civ. P 65.

4)  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) based on the residence of the Defendant and based on 18 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the District of Columbia and because the

anticipated harm which would occur if the injunctive relief were not granted would occur within the District of Columbia.

## FACTS

5) Plaintiff is an attorney with the Whistleblower Firm in Tampa, Florida, specializing in sensitive qui tam and related actions. Many of her cases are filed in conjunction with the United States Department of Justice, and are filed under seal pursuant to orders of several United States District Courts.

6) Plaintiff uses and maintains a cell phone and a back-up cell phone for both personal and professional purposes (collectively, "cell phone"). Her cell phone contains stored emails and attachments, as well as means of access to electronic communications providers (email providers) which similarly store emails related to these cases.

7) Her cell phone and the stored emails at the providers contained materials which are protected under the attorney client privilege and attorney work product protection doctrine; confidential client-communications protected by the applicable rules of professional responsibility for attorneys; and sealed and otherwise confidential material with respect to her whistleblower and qui tam cases.

8) In addition, both her cell phone and her stored emails contain sensitive information about the operation of her law firm, including personnel information, Protected Health Information (PHI), Personally Identifiable Information (PII) about firm employees, credit card and other financial information, billing and retainer information with respect to clients, and other confidential files and folders.

9)  Plaintiff's cell phone was a "computer" as that term is used in 18 U.S.C. § 1030(e)(1). Plaintiff's cell phone was also a "protected computer," as that term is used in 18 U.S.C. § 1030(e)(2), because it was used in or affecting interstate or foreign commerce.

10) Plaintiff's cell phone contained files and communications regarding the parties' divorce and subsequent custody litigation in the D.C. Superior Court, including confidential attorney-client privileged information and attorney work product protected information.

11) Defendant is a non-practicing attorney, licensed to practice in New Mexico.

12) From December, 2017 through and including January 31, 2018, Plaintiff's ex-husband, Defendant Grayson Paul Wolfe, stole and kept without authority Plaintiff's back-up cell phone when he took it from their minor child who was in his father's custody in Washington, D.C.

13) The Defendant obtained through coercion from their minor child, without the authorization or consent of the Plaintiff, the Plaintiff's password to the cell phone (the "Personal Identification Number," or "PIN").  By entering the PIN into the back-up cell phone, the Defendant obtained unauthorized access to this cell phone, and Defendant Wolfe thereby obtained unauthorized access to thousands of the Plaintiff's files, folders and electronic communications on the back-up cell phone.

14) Over the course of the next several weeks, Wolfe not only accessed these files without authorization, but copied these files by using his own cell phone to take hundreds of pictures of contents of Plaintiff's cell phone, and retaining these pictures.

15) On or about December 30, 2017, upon learning that Wolfe had possession of her cell phone, Plaintiff demanded that the phone be returned.

16)  When Plaintiff called the Washington, D.C. Metropolitan Police Department (MPD) to investigate, Wolfe informed the responding officer that he was no longer in possession of the

phone, having given it to his attorney.  Even after this date, Wolfe continued to access and to photograph the contents of Plaintiff's cell phone, demonstrated by the declaration of Dr. Neil Krawetz which shows that some of the pictures produced in discovery by Mr. Wolfe were taken on January 9, 2018.

17) On October 11, 2018, in proceedings before the D.C. Superior Court (Dkt No. 2009 DRB 00921) Wolfe for the first time indicated that he had both accessed Plaintiff's confidential files and computer (cell phone), and provided in discovery copies of the photographs he had taken of some of the files he had stolen from her phone.

18) Wolfe also used files he had downloaded or viewed on Plaintiff's cell phone to develop his strategy in connection with the custody case between the parties, to formulate discovery requests and questions, and to otherwise threaten and intimidate Plaintiff.

19) On November 3, 2018, in connection with the custody case in the D.C. Superior Court, Wolfe provided some contents of files stolen from Plaintiff's phone.

20) Wolfe accessed not only the files that were stored on the phone itself, but used passwords stored on the phone to access resources of Internet-connected services, including accessing facilities which contained stored electronic communications.

21) Wolfe continues to retain, have access to, disclose and, most importantly, use the files, stored communications, photographs and other documents he copied from Plaintiff's cell phone; and he continues to use the files he examined and read at the time he made unauthorized access to Plaintiff's cell phone in connection with legal proceedings.

22) The retention and use of the aforesaid information was obtained in violation of 18 U.S.C. § 1030 and 18 U.S.C. § 2701; and is likely to cause irreparable harm to Plaintiff as the

information, once disclosed or used, cannot be "undisclosed" and returned to its confidential, non-public status.

23) The retention and use of the aforesaid information, obtained in violation of 18 U.S.C. § 1030 and 18 U.S.C. § 2701 is likely to cause irreparable harm to Plaintiff's clients, including those plaintiffs in qui tam cases whose identities are seal; to various United States government agencies; and to various United States District Courts in connection with the confidentiality of matters related to False Claims Act, qui tam and other whistleblower suits filed across the country.

## FIRST CAUSE OF ACTION

(Unlawful Access to Financial Information—Computer Fraud and Abuse Act)
18 U.S.C. § 1030(a)(2)(A)

24) Plaintiff repeats and realleges the allegations in paragraphs 1-23 hereof, as if fully set out herein.

25) From on or about December 17, 2017 through and including January 30, 2018, within the District of Columbia and elsewhere, the Defendant intentionally accessed Plaintiff's computer without authorization or exceeded authorized access, and thereby obtained information contained in a financial record of a financial institution, or of a card issuer as defined in 15 U.S.C. § 1602(n), or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 *et seq.*);

26) Plaintiff suffered damage and loss by reason of Defendant's actions as provided in 18 U.S.C. § 1030(g).

27) This damage or loss during a 1-year period aggregated at least $5,000 in value as provided in 18 U.S.C. § 1030(c)(4)(A)(i).

## SECOND CAUSE OF ACTION

(Unlawful Access to Information—Computer Fraud and Abuse Act)
18 U.S.C. § 1030(a)(2)(C)

28)     Plaintiff repeats and realleges the allegations in paragraphs 1-23 hereof, as if fully set out herein.

29)     From on or about December 17, 2017 through and including January 30, 2018, within the District of Columbia and elsewhere, the Defendant intentionally accessed Plaintiff's protected computer without authorization or exceeded authorized access, and thereby obtained information from a protected computer;

30)     Plaintiff suffered damage and loss by reason of Defendant's actions as provided in 18 U.S.C. § 1030(g).

31)     This damage or loss during a 1-year period aggregated at least $5,000 in value as provided in 18 U.S.C. § 1030(c)(4)(A)(i).

## THIRD CAUSE OF ACTION

(Unlawful Access to Further a Scheme to Defraud)
18 U.S.C. § 1030(a)(4)

32)     Plaintiff repeats and realleges the allegations in paragraphs 1-23 hereof, as if fully set out herein.

<u>The Scheme to Defraud</u>

33)     The Defendant operated a scheme or artifice to defraud Plaintiff and others out of money or property.  The object of this scheme was to

    a)     Deprive Plaintiff of her ability to maintain attorney-client confidences with her law firm clients;

  b) Deprive the Superior Court of the District of Columbia the ability to control, through discovery, the flow of information between Plaintiff and Defendant;

  c) Deprive various United States District Courts the ability to maintain documents related to False Claims Act, whistleblower and qui tam cases under seal;

  d) Deprive various United States government agencies, including the United States Department of Justice and the Federal Bureau of Investigation the ability to confidentially investigate and evaluate the merits of various False Claims Act, whistleblower and qui tam cases which were filed under seal and for which premature disclosure would adversely impact the ability of the Federal Government to effectively pursue these claims;

  e) Obtain other money or property, including pursuing attorney's fee awards in the Superior Court for the District of Columbia;

  f) Obtain valuable custody of the parties' minor child

  g) Obtain access to attorney client privileged communications and attorney work product protected information concerning Plaintiff's communications with her counsel and others in the underlying custody action, litigation strategy, expert witness examination strategy and other valuable information concerning the custody case.

  h) An object of the scheme or artifice was to defraud Plaintiff, her clients, her attorneys, the government and the Courts of money or valuable property.

34) From on or about December 17, 2017 through and including January 30, 2018, within the District of Columbia and elsewhere, the Defendant knowingly and with intent to defraud, accessed Plaintiff's cell phone, which was a protected computer without authorization, or exceeded authorized access, and by means of such conduct furthered the scheme or artifice to

defraud and obtained confidential and privileged information, information subject to seal, information subject to non-disclosure by operation of law, patient/client privacy protected information and client financial information, each of which constituted a thing of value.

35) Plaintiff and others suffered damage and loss by reason of Defendant's actions as provided in 18 U.S.C. § 1030(g).

36) This damage or loss during a 1-year period aggregated at least $5,000 in value as provided in 18 U.S.C. § 1030(c)(4)(A)(i).

### FOURTH CAUSE OF ACTION
(Computer Extortion)
18 U.S.C. § 1030(a)(7)(B)

37) The Plaintiff repeats and realleges the allegations in paragraphs 1-23 hereof, as if fully set out herein.

38) On or about November 3, 2018, the Defendant, with intent to extort from Plaintiff and others, money or other thing of value, transmitted in interstate or foreign commerce a communication containing a threat to obtain information from Plaintiff's protected computer without authorization or in excess of authorization.

39) Plaintiff and others suffered damage and loss by reason of Defendant's actions as provided in 18 U.S.C. § 1030(g).

40) This damage or loss during a 1-year period aggregated at least $5,000 in value as provided in 18 U.S.C. § 1030(c)(4)(A)(i).

## FIFTH CAUSE OF ACTION

(Unlawful Access to Stored Electronic Communications)
18 U.S.C. § 2701

41) Plaintiff repeats and realleges the allegations in paragraphs 1-23 hereof, as if fully set out herein.

42) From on or about December 17, 2017 through and including January 30, 2018, Defendant accessed and attempted to access without authorization and to exceed the scope of any authorization to access a facility through which an electronic communication service is provided.

43) Defendant used Plaintiff's cell phone from the District of Columbia and elsewhere to access and download from the facility through which an electronic communication service is provided, sensitive and confidential email communications from various communications service providers including but not limited to those of Plaintiff's law firm at nataliek@813whistle.com, of her email account nataliekhawam@yahoo.com, and an additional email account at nkkesquire@gmail.com.

44) Defendant intentionally exceeded any authorization to access the facility through which electronic communications were provided, and thereby obtained, altered, or prevented authorized access to electronic communications while they were in electronic storage in such system.

**PRAYER FOR RELIEF**

The Plaintiff Ms. Natalie Khawam, requests that the Court, pursuant to 18 U.S.C. § 1030(g) and 18 U.S.C. § 2707, issue a Preliminary Injunction prohibiting such conduct, and prohibiting Defendant, directly or indirectly from retaining or making use or derivative use of any data or information obtained as a result of the conduct described herein, and such other and further relief as the Court may deem appropriate.  Ms. Khawam requests that the Court issue an Order:

(1) Requiring the Defendant and such other persons (the Defendant and the Others") to immediately cease, desist, and refrain from:

   a. Further accessing any and all documents or electronically stored information or any content obtained via digital means such as CD/DVD, USB storage device, or file share service in Defendant's care, custody, or control relating to any data, files, photographs, images or communication obtained from Plaintiff's cellular phone; including but not limited to any emails, text messages, information from any electronic messaging application, information obtained from any other phone application, any other method used to transmit information to Defendant, and any and all text messages or electronic communications relating to any discussions between Defendant and any third party;

   b. Accessing Plaintiff's computers, cell phones, and computer accessories or any accounts or networks connected to these computers or cell phones, including but not limited to financial accounts, email accounts, iTunes or other linked accounts, or any cloud backup or service.

    c. Accessing Plaintiff's personal information and/or communications, in any format, from Plaintiff's internet service provider, e-mail account providers, cell phone service provider, and instant messaging services;

    d. Disseminating, sharing, copying, downloading, recording, or otherwise duplicating any electronic communications, information, files, records, recordings, videos, photographs, images, or any other data compilation in any format, which contains any of Plaintiff's communications, writings, thoughts, images, personal information, or professional information;

    e. Any direct or indirect use of any of the materials in paragraphs (a) through (d), above, or the contents of those materials;

    f. Any destruction, alteration, manipulation, or deletion of the material specified in paragraph (d) above.

(2) Ordering the Defendant and the Others with knowledge of the Court's order, to immediately:

    g. disclose, produce, or surrender to the Court under seal, and to Plaintiff, all electronic files, and other recordings or copies of Plaintiff's electronic communications, in any form;

    h. not use, directly or indirectly, any document or electronic communication with Plaintiff's personal or professional information for any purpose without leave of this Court;

    i. return, delete, or destroy any document or electronic communication with Plaintiff's personal or professional information;

j. not use, not engage in derivative use, and not allow any expert use of any document or electronic communication with Plaintiff's personal or professional information; and

(3) Awarding reasonable attorney's fees and costs to the Plaintiff under 18 U.S.C. §§ 1030(g) and 2707(b)(3).

## VERIFICATION

The Plaintiff Ms. Natalie Khawam, affirms and verifies the allegations in this Complaint, by means of her accompanying Declaration ¶ 31.

Respectfully submitted,

/s/ Andrew Grosso
Andrew Grosso, Esq. (DC Bar ID: 358326)
ANDREW GROSSO & ASSOCIATES
1101 Thirtieth Street NW, Suite 500
Washington, D.C. 20007
Telephone: (202) 298-6500
Email: Agrosso@acm.org

*Local Counsel for Plaintiff Natalie Khawam*

Of Counsel:

Mark D. Rasch, Esq. (Mass. Bar No. 542538)*
Law Office of Mark Rasch
7919 Springer Road
Bethesda, Maryland 20817
Telephone: (301) 547-6925

*Motion to appeal *pro hac vice* filed contemporaneously